J-S60029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES CROAK | |
| Appellant | No. 2938 EDA 2015 |

Appeal from the PCRA Order September 3, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003014-2013
CP-09-CR-0003924-2013

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.: **FILED OCTOBER 25, 2016**

James Croak appeals, *pro se*, from the order entered September 3, 2015, in the Bucks County Court of Common Pleas denying his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Croak seeks review of the judgment of sentence of an aggregate term of five to 10 years' imprisonment imposed by the trial court on January 16, 2014, following his jury conviction at Docket No. 3924-2013, of charges of persons not to possess firearms and possession of a small amount of marijuana, and his guilty plea at Docket No. 3014-2013, to possession with intent to deliver

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S. §§ 9541-9546.

("PWID") controlled substances and related charges.[2] On appeal, Croak purports to challenge the ineffectiveness of trial counsel. However, recognizing that his claims have been waived, he also argues the waiver should be excused (1) because his petition was filed *pro se*, and (2) the United States Supreme Court's decision in **Martinez v. Ryan**, 132 S.Ct. 1302 (U.S. 2012) applies. For the reasons below, we affirm.

The PCRA court summarized the relevant facts and procedural history underlying this appeal as follows:

> On October 22, 2013, [Croak] was convicted by a jury of persons not to possess, use, manufacture, control, sell or transfer firearms (enumerated offense – burglary), 18 Pa.C.S. § 6105(a)(1), and possession of a small amount of marijuana, 35 P.S. § 780-113(a)(31)(i) [at Docket No. 3924-2013]. The following day, [Croak] entered a guilty plea to two counts of delivery of a controlled substance, 35 P.S. § 780-113(a)(30), two counts of possession of a controlled substance, 35 P.S. § 780-113(a)(16), and two counts of criminal use of a communication facility, 18 Pa.C.S. § 7512(a) [at Docket No. 3014-2013].
>
> On January 16, 2014, [Croak] was sentenced to five to ten years in the firearms case. He was sentenced to two to four years and a concurrent term of seven years probation in the drug case. The sentences in both cases were run concurrent to one another. [Croak] thereafter filed a timely appeal challenging the sufficiency of the evidence to support the jury verdict in the firearms case. Judgment of sentence was affirmed on November 18, 2014. [**See Commonwealth v. Croak**, 113 A.3d 351 (Pa. Super. 2014) (unpublished memorandum).] No appeal was taken from the judgment of sentence in the drug case.

_____

[2] **See** 18 Pa.C.S. § 6105(a)(1) and 35 P.S. §§ 780-113(a)(31)(i) and (a)(30), respectively.

On January 22, 2015, [Croak] filed a single *pro se* PCRA petition listing both cases in the caption of the Petition. [Croak] generally alleged that his rights under the United States Constitution and the Pennsylvania Constitution were violated and further alleged ineffective assistance of counsel as his basis for relief. He did allege (sic) how or when his constitutional rights had been violated or how or when trial counsel had failed to provide effective assistance. He did not cite to any portion of the record. He made no allegations of fact to support his nonspecific legal assertions.

By order dated February 11, 2015, this Court granted [Croak's] request to proceed *in forma pauperis* and appointed counsel to represent him for purposes of the PCRA proceedings. PCRA counsel was directed to file an amended PCRA petition setting forth with specificity all legal claims that [Croak] intended to pursue, including clarification of any claims raised in the *pro se* Petition. On May 26, 2015, PCRA counsel filed a "no merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (1988) along with a Petition for Leave to Withdraw Appearance. The Commonwealth filed its Answer on June 16, 2015 addressing the *pro se* PCRA petition and the issues identified in PCRA counsel's **Turner**/**Finley** letter.

After reviewing the record in both cases, this Court concluded that there were no genuine issues of material fact, that [Croak] was not entitled to post-conviction relief and that no purpose would be served by further proceedings. Therefore, on June 16, 2015, this Court filed Notice of Intent to Dismiss [Croak's] PCRA Petitions without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure and granted PCRA counsel's Petition to Withdraw. In a timely filed written response, [Croak] notified this Court that claims had been omitted from his PCRA Petition. He did not identify those claims. By order dated July 21, 2015, this Court granted [Croak] thirty days to identify the omitted claims. Prior to the expiration of that thirty-day period, [Croak] made a written request for an additional period of time to identify the omitted claims. On August 19, 2015, an order was entered granting [him] an additional ten days to respond. As of September 3, 2015, [Croak] had failed to inform this Court of any new grounds for relief or to challenge PCRA counsel's identification and analysis of the issues she represented [Croak] wished to pursue. On September 3, 2015, this Court entered an order denying and

dismissing [Croak's] *pro se* PCRA Petition without a hearing. [Croak] thereafter filed a timely appeal.

PCRA Court Opinion, 1/8/2016, at 1-3.[3]

Before we address the substantive claims on appeal, we make two preliminary observations. First, Croak acknowledges the issues raised herein "relate only to the gun case jury trial" at Docket No. 3924-2013. Croak's Brief at 5 n.1. Accordingly, we need not consider the guilty plea and conviction at Docket No. 3014-2014.

Second, we note that on February 3, 2016, Croak filed a motion to withdraw the appeal so that he could seek relief in a federal *habeas corpus* proceeding, apparently recognizing his ineffectiveness claims may be waived. In a *per curiam* order, the motions panel of this Court denied Croak's request without prejudice to his right to raise the issue again in his brief. **See** Order, 2/25/2016. He has not, however, renewed his request to withdraw the petition in his brief, and consequently, we proceed to an examination of the claims raised on appeal.

Our review of an order dismissing a PCRA petition is well-established: we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). "Great deference

---

[3] On September 23, 2015, the PCRA court ordered Croak to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Croak complied with the court's directive, and filed a concise statement on September 28, 2015.

is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). Furthermore, a petitioner is not entitled to an evidentiary hearing, and a PCRA court may decline to hold a hearing "if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (quotation omitted).

Croak's only two substantive issues assert the ineffectiveness of trial counsel. Specifically, he claims trial counsel (1) failed to file a motion to suppress the gun recovered from his home, when the police entered illegally, without a warrant and in the absence of exigent circumstances, and (2) failed to object when the Commonwealth elicited testimony that referred to his post-arrest silence. **See** Croak's Brief at 18-25. However, neither of these issues were included in Croak's *pro se* PCRA petition or his Pa.R.A.P. 1925(b) concise statement. Accordingly, they are waived on appeal. **See Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014) (issues not included in a PCRA petition are waived on appeal); **Commonwealth v. Diamond**, 83 A.3d 119, 136 (Pa. 2013) (issues not included in Pa.R.A.P. 1925(b) statement are waived on appeal), *cert denied*, 135 S.Ct. 145 (U.S. 2014).

Moreover, we note the PCRA court provided Croak with the opportunity to file a *pro se* amended petition, after counsel was permitted to withdraw,

- 5 -

in order to raise the claims he asserted PCRA counsel failed to address. However, even after the court granted his request for additional time to complete the filing, Croak failed to do so. Accordingly, we have no hesitation in concluding his allegations of trial counsel's ineffectiveness are waived.

Nevertheless, Croak contends his waiver of these claims should be excused for two reasons. First, he asserts that if this Court construes his *pro se* filings liberally, "his claim of ineffectiveness for failure to file a suppression motion concerning the illegal warrantless seizure of the gun can be gleaned from the original and amended PCRA petitions."[4] Croak's Brief at 11. We disagree.

It is well-established that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251–252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005). Here, Croak did not address any specific claims in his *pro se* petition, but rather included only a list of legal terms such as: "inafective (sic) counsel," "exigent circumstances," "plain view," and "suppression of evidence." Motion for Post Conviction Collateral Relief, 1/22/2015, at 4. Further, as the

_____

[4] Croak does not make a similar claim regarding his assertion that counsel was ineffective for failing to object when the Commonwealth elicited testimony concerning his post-arrest silence.

Commonwealth notes in its brief, Croak's petition purported to challenge his guilty plea for the drug offenses at Docket No. 3014-13, as well as his jury conviction on the gun charge at Docket No. 3924-13. **See** Commonwealth's Brief at 12. Based on the limited information provided by Croak, the PCRA court could not have determined that Croak was asserting the ineffectiveness of counsel in the gun case for failing to seek suppression of the firearm recovered. Accordingly, Croak's claim that the PCRA court did not "liberally" interpret his petition fails.[5]

Second, Croak argues we should excuse the waiver of his ineffectiveness claim based upon the United States Supreme Court's decision in **Martinez**, **supra**. Specifically, he contends the **Martinez** decision should "apply to excuse waiver in state court of claims of trial counsel

_____

[5] We observe that PCRA counsel's "no merit" letter did not address any claim concerning the ineffectiveness of prior counsel despite the fact that Croak's *pro se* petition clearly put counsel on notice of a **possible** ineffectiveness issue. Nevertheless, Croak has not challenged the court's ruling permitting PCRA counsel to withdraw, and this Court is prohibited from reviewing the sufficiency of a "no merit" letter *sua sponte*. **Commonwealth v. Pitts**, 981 A.2d 875, 879 (Pa. 2009). Furthermore, as noted **supra**, the PCRA court granted Croak leave to amend his *pro se* petition after counsel was permitted to withdraw and the court issued its Rule 907 notice, but Croak failed to do so. **See Commonwealth v. Smith**, 121 A.3d 1049, 1054 (Pa. Super. 2015) ("A petitioner's failure to raise an ineffectiveness of counsel claim after receiving Rule 907 notice results in waiver of the claim."), *appeal denied*, 136 A.3d 981 (Pa. 2016).

ineffectiveness that were caused by PCRA counsel ineffectiveness." Croak's Brief at 13.

In *Martinez*, the United States Supreme Court considered "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Martinez*, *supra*, 132 S. Ct. at 1313. In concluding a federal *habeas* court may excuse the apparent waiver of an ineffectiveness claim under limited circumstances, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.

In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court discussed the impact of the *Martinez* decision in the context of our state PCRA jurisprudence. The *Holmes* Court recognized the *Martinez* ruling "created a federal safety valve to allow for a third level of review—exclusively federal—if the subject claim involved a trial default, and initial collateral review counsel did not recognize it," and observed "the case does establish a new federal *habeas corpus* consequence that jeopardizes both a Pennsylvania procedural default rule and the State's power and right to pass upon constitutional claims in the first instance." *Id.*

at 583. However, ultimately, the **Holmes** Court concluded any change in Pennsylvania's law regarding procedural default of ineffectiveness claims "should await the action of the General Assembly … or a case where the issue is properly joined." **Id.** at 584. Croak contends this appeal is such a case. We disagree.

Here, although PCRA counsel failed to raise Croak's claims of trial counsel's ineffectiveness, the PCRA court gave Croak the opportunity to present those claims himself in an amended petition. He then failed to do so. We cannot accept Croak's argument that the **Martinez** decision should excuse PCRA counsel's waiver of his claims of trial counsel's ineffectiveness when it was he, himself, who actually waived the claims by failing to file an amended petition when granted the opportunity to do so. Accordingly, Croak is entitled to no relief.[6]

Consequently, because we find Croak's substantive claims asserting trial counsel's ineffectiveness are waived for our review, and he has failed to establish any reason for us to excuse that waiver, we affirm the order dismissing his PCRA petition.

Order affirmed.

---

[6] We note Croak may still file a federal *habeas* petition, and argue that his procedural default should be excused under **Martinez** based upon PCRA counsel's ineffectiveness.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/25/2016</u>